UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANEATTA LUCKY,

      Plaintiff,

v.

DETROIT PROPERTY
EXCHANGE COMPANY, *et al.*,

      Defendants.

Case No. 2:19-cv-11122
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 36)

This matter came before the Court for consideration of Plaintiff's motion to compel discovery (ECF No. 36), Defendants' response in opposition (ECF No. 40), and the parties' joint lists of unresolved issues (ECF Nos. 44 & 45).  Judge Borman referred this motion to me for a hearing and determination.  (ECF No. 37.)  As a result of the COVID-19 pandemic, a hearing was held on October 15, 2020, via Zoom technology, at which counsel appeared and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 36) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- First, Plaintiff's "General Objections" are **OVERRULED**, consistent with the Undersigned's Practice Guidelines for Discovery.  Objections must be specific and state an adequate individualized basis.  *See Wesley Corp. v. Zoom T.V. Products, LLC*, No. 17-10021, 2018 U.S. Dist. LEXIS 5068, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.) ("A 'boilerplate' objection is one that is invariably general; it includes, by definition, '[r]eady-made or all-purpose language that will fit in a variety of documents.'  Thus, '[a]n objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.'") (internal citations omitted); *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection."); *accord Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-cv-12695, 2017 U.S. Dist. LEXIS 48375, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."); *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, No. 14-cv-10922, 2016 U.S. Dist. LEXIS 80852, 2016 WL 3418554, at *3 (E.D. Mich. June 22, 2016) (This "Court has repeatedly found that the filing of boilerplate objections is tantamount to filing no objections at all."). Further, the Court notes that "litany style" boilerplate objections made in response to particular requests, like those Defendants employed, in part, are strongly disfavored and likewise meaningless.  *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.").  And the correct standard for determining the proper scope of discovery is stated in Fed. R. Civ. P. 26(b)(1).  The standard that discovery is relevant if it is "reasonably calculated to lead to admissible evidence," cited by Defendants, is outdated.  *See Cratty v. City of Wyandotte*, 296 F.Supp.3d 854, 858-59 (E.D. Mich. 2017).

2

- The Court further notes that an objection to a document request "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

- In accordance with the representation made by defense counsel on the record, Defendants **WAIVE** any privilege objections to the discovery requests at issue.

- The Court addresses in this Order only those discovery requests it can discern from what Plaintiff placed at issue in her motion to compel, as well as those directly raised and addressed at oral argument.

- The Court finds Defendant Christian Segura's answers to **Requests for Admission Nos. 2 and 3** (ECF No. 36-7, PageID.586-587) **SUFFICIENT**.

- The Court **SUSTAINS** Defendant Segura's objection to **Requests for Admission Nos. 4, 5, 6, and 7** (ECF No. 36-7, PageID.587-588) on the basis that Plaintiff's use of the terms "agent" and "negotiating" is vague and ambiguous.

- Defendant Segura's objection to **Request for Admission No. 8** (ECF No. 36-7, PageID.588) is **OVERRULED**. Defendant Segura is ordered to **RESPOND** to Request for Admission No. 8.

- The Court **SUSTAINS** Defendant Segura's objection to **Request for Admission No. 9** (ECF No. 36-7, PageID.588-589) on the basis that Plaintiff's use of the terms "mandatory disclosures" and "agency relationship" is vague and ambiguous.

- **Request for Admission No. 10** (ECF No. 36-7, PageID.589) is **DEEMED ADMITTED**. Regardless, the Court **OVERRULES** Defendant Segura's objections as they lack a good faith basis.

- The Court **ACCEPTS** the corporate Defendants' responses to **Request for Production No. 6** (ECF No. 36-5, PageID.467; ECF No. 36-6, PageID.524) on the basis of defense counsel's statements in those responses and at the hearing. However, the Court

3

**OVERRULES** the corporate Defendants' objections to Request for Production No. 6 as they lack a good faith basis.

- The corporate Defendants' objections to **Request for Production No. 9** (ECF No. 36-5, PageID.468-469; ECF No. 36-6, PageID.525-526) are **OVERRULED**, and each is required to **PRODUCE** the documents requested.

- The Court orders that the corporate Defendants **SUPPLEMENT** their responses to **Request for Production No. 11** (ECF No. 36-5, PageID.469-470; ECF No. 36-6, PageID.527) narrowed to the specific items identified in Request for Production No. 19 and as to the named Defendants only (ECF No. 36-5, PageID.473-474; ECF No. 36-6, PageID.531).

- The Court **OVERRULES** the corporate Defendants' objections to **Request for Production No. 12** (ECF No. 36-5, PageID.470; ECF No. 36-6, PageID.527-528), as the unduly burdensome objection lacks a good faith basis and is otherwise unsupported, and the tax returns have not been shown to be privileged.  The corporate Defendants must **PRODUCE** the tax returns requested subject to any protective order stipulated to by the parties.

- The corporate Defendants must **PRODUCE** the documents requested in **Request for Production No. 19** (ECF No. 36-5, PageID.473-474; ECF No. 36-6, PageID.531), but for the named Defendants only.  Plaintiff may subpoena non-parties for the information requested if she so chooses.

- The corporate Defendants must **PROVIDE** the information requested in **Interrogatory No. 6** (ECF No. 36-5, PageID.452-453; ECF No. 36-6, PageID.509-510) for the named Defendants only and narrowed to the specific items identified in Request for Production No. 19 (ECF No. 36-5, PageID.473-474; ECF No. 36-6, PageID.531).

Compliance with the mandates of this Order must occur by **November 3,**

**2020**.  Further, the Court will **EXTEND** the discovery cutoff to **Friday, January**

4

**8, 2021**, and the expert report deadline to **Tuesday, December 1, 2020**.  Finally,

the Court awards no costs, neither party having prevailed in full.  Fed. R. Civ. P.

37(a)(5)(C).

    **IT IS SO ORDERED.**

Dated: October 16, 2020

                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE